[Onondaga General Term, January 7, 1868. *Morgan, Bacon* and *Foster,* Justices.]

---

## Thaddeus C. Kinnier *vs.* Abby A. Kinnier.

An action cannot be maintained by a husband against his wife to obtain a decree declaring void a marriage contract, on the ground that a former husband of the defendant went to another state and there commenced a suit against her for a divorce, and that she, by collusion with the plaintiff in that action, aided him in fraudulently obtaining a divorce there; and that the plaintiff married the defendant on the faith of the representation that she "had procured a valid divorce" from her former husband.

If the parties to the former action colluded together and thereby fraudulently obtained the decree of divorce, neither of such parties could possibly avoid such decree. It is binding upon both, and the second marriage is valid; and as the second husband could not be prejudiced, if his marriage was lawful, he—a stranger—has no interest in the matter which will authorize him to impeach the judgment for fraud.

DEMURRER to complaint. The action was brought to obtain a decree declaring void a marriage contract entered into between the plaintiff and defendant on the 28th of June, 1861. The defendant was married to one Pomeroy, in the state of Massachusetts, in 1848. It is charged that in 1855 Pomeroy left Massachusetts, went to Chicago, and commenced a suit against his wife Abby. That the latter, by collusion with her husband, aided him in fraudulently obtaining a divorce in Illinois, &c.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*G. W. Parsons,* for the plaintiff.

*C. A. Seward,* for the defendant.

CARDOZO, J.   The allegation in the complaint that the
parties resorted to Illinois to obtain a decree of divorce in
fraud or violation of the laws of the place of their domicil,
I think unimportant, here.   I can very well see how the
state of Massachusetts might complain that its citizens had
violated their allegiance to it, and how the courts of that
state might disregard the judgment of another jurisdiction
which granted a divorce to persons domiciled in the form-
er state, who could not have obtained such a decree in
the tribunals of that state.   But I do not know of any
principle, and have not been referred to any decision which
sustains the doctrine, that the courts of this state should
thus protect the sovereign rights of Massachusetts.   The
complaint does not question the jurisdiction of the Illinois
court over the subject matter, and it shows that that tri-
bunal acquired jurisdiction of the persons of the parties—
of the plaintiff by his bringing the action, and of the de-
fendant by her appearing and answering the bill.   Whether
the rest of the complaint be deemed to charge, in effect,
only that certain irregularities occurred in the progress of
the suit, or whether it sufficiently alleges that the parties
practiced a fraud on the court, and thus procured the de-
cree, will not be material to determine.   If the former be
the true construction, then it is enough to say that mere
irregularity could not affect the decree, and that the plain-
tiff here—an entire stranger to that litigation—cannot be
heard to question the regularity of the proceedings in that
suit.   He may raise jurisdictional questions, but not mere
points of regularity in practice.   If, however, the right
view of the pleading be the latter one, above mentioned,
and if the courts of this state can entertain a suit to annul
the decree of a court of another state, on the ground of

fraud, yet this plaintiff is not in a position to ask any such relief. No one can claim to have a judgment, or a deed, avoided for fraud, unless it injuriously affects him; and such is not the case with this plaintiff. Giving the complaint the most liberal construction for the plaintiff, it charges that the representation upon the faith of which the plaintiff married the defendant, was that she "had procured a valid divorce" from her former husband. In other words, that this plaintiff and she might lawfully be married. Now if this be true, the plaintiff has not been harmed by this deception, and even if the representations were inaccurate, he will not be entitled to annul the marriage. The complaint does not dispute but that if the decree of divorce stands, the defendant would be at liberty to marry, and that, therefore, must be assumed; but it avers that the parties to the divorce suit colluded together, and by such collusion fraudulently obtained the judgment. If that be so, neither of those parties could possibly avoid that decree. (*Bishop on Marriage and Div.* 706.) It is binding upon both of them, and the marriage between this plaintiff and the defendant was valid. Where both parties unite to practice a fraud, neither can be heard to seek relief against it; and as the plaintiff cannot be prejudiced if his marriage was lawful, he, a stranger, has no interest in the matter which would authorize him to impeach the judgment for fraud. That his feelings or prejudices might have revolted at marrying a woman under such circumstances, gives him no standing in court. (*Clarke* v. *Clarke*, 11 *Abb. Pr.* 230.) Without adverting to other views which lead me to think that this complaint cannot be sustained, enough has been said to show, in my opinion, that the demurrer is well taken, and that there must be judgment thereon for the defendant, with costs.

[NEW YORK SPECIAL TERM, February 3, 1868. *Cardozo*, Justice.]